# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KIMBERLY HALLENBECK and
GARY HALLENBECK,

    Plaintiffs,

v.                                            Case No. 3:18-cv-891-J-32JBT

TARGET CORPORATION,

    Defendant.

## **O R D E R**

    This case is before the Court on Plaintiffs Kimberly and Gary Hallenbeck's Motion to Remand the Case to State Court (Doc. 4), to which Defendant Target Corporation filed a response (Doc. 8).

    On January 2, 2016, Kimberly Hallenbeck was shopping in Target when she was hit by a chair that fell off a shelf, allegedly resulting in injuries and damages. (Doc. 2 ¶¶ 5-6). On June 11, 2018, Plaintiffs filed a Complaint in the Circuit Court, Seventh Judicial Circuit, In and For Flagler County, Florida, alleging negligence (Count I) and loss of consortium (Count II). (Doc. 2). Target removed the case under this Court's diversity jurisdiction on July 20, 2018. (Doc. 1). The parties agree that they are of diverse citizenship, but Plaintiffs dispute that Target has met its burden to show that the amount in controversy exceeds $75,000. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in

state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists."). The Court disagrees.

"Where, as here, the complaint does 'not allege [ ] a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" Thompson v. Columbia Sussex Corp., No. 2:16-CV-435-FTM-29CM, 2016 WL 6134868, at *3 (M.D. Fla. Oct. 21, 2016) (citing S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014)). "Ultimately, the question is whether the notice of removal plausibly alleges that the amount in controversy at the time of removal exceeds $75,000." Id. (internal quotation marks omitted).

In the Notice of Removal, Target notes that it has identified medical bills of approximately $22,000. (Doc. 1 ¶ 6). Further, Target relies on two of Plaintiffs' pre-suit settlement demands to support the assertion that the amount in controversy exceeds $75,000. (Doc. 1 ¶ 7). First, on November 2, 2017, Plaintiffs sent a letter demanding $200,000 to resolve the case. (Doc. 1-2). Next, on February 1, 2018, they sent another letter renewing the settlement demand of $200,000, this time with significantly more detail. Specifically, the letter states that

> Ms. Hallenbeck is <u>continuing to require medical treatment</u> and has great life style interference due to the injuries she sustained. Her medical specials in damages <u>continue to increase</u>. Our previous communication of 11/2/17 presented a settlement demand in the $200,000.00. We renew this demand and point out that the related tangible and intangible damages <u>far exceed this amount</u>. Even if a jury were to apportion some comparative to Kimberly, the lifelong pain and suffering; loss of the ability to lead and enjoy a normal lifestyle; the financial debts for treatment;

2

> and Gary Hallenbeck's consortium claim, <u>total far more than this dollar figure</u>.

(Doc. 1-3) (emphasis added). Courts may review settlement demands as relevant evidence of the amount in controversy. See <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1215 n.62 (11th Cir. 2007) (a case may be removed based on "other paper," which includes settlement offers); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While this settlement offer, by itself, may not be determinative, it counts for something."). The letters unequivocally demand $200,000, a figure well in excess of the jurisdictional amount. Moreover, Plaintiffs' assertions that Ms. Hallenbeck continues to require treatment, her medical bills continue to increase, and she has lifelong pain and suffering all bolster the notion that the amount in controversy has been met.

In addition to the two demands over the course of several months which exceed the jurisdictional amount, when asked five months later whether Plaintiffs sought more than $75,000 in damages, (Doc. 1-1 at 17), Plaintiffs objected to the request for admission and were "unable to answer without invading attorney-client privilege in the overall assessment of the case, the assessment of the ultimate issues in the case, in particular, the viability of the Defendant's comparative negligence defense, and finally, the jury's valuation of noneconomic damages due to the Plaintiffs." (Doc. 1-1 at 27). Courts have found that similar equivocal responses constituted evidence that the amount in controversy was satisfied. See <u>Thompson</u>, 2016 WL 6134868, at *4 (denying motion to remand); <u>Devore v. Howmedica Osteonics Corp.</u>, 658 F. Supp. 2d 1372, 1380-81 (M.D. Fla. 2009) ("a plaintiff's refusal to stipulate or admit that she is

not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy") (internal quotation marks omitted).

Combining Plaintiffs' equivocal response to the request for admission with the demand letters, the Court is persuaded that Target has met its burden of showing by a preponderance of the evidence that amount in controversy has been met. See Devore, 658 F. Supp. 2d at 1381.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs Kimberly and Gary Hallenbeck's Motion to Remand the Case to State Court (Doc. 4) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 7th day of September, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record